(No. 4380-)

HENRY WOOLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1951.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Henry Wooley, was employed at the Chicago State Hospital as an attendant, and worked at Ward CW-23, which was classified as a violent ward. On September 7, 1950, at about 7:30 or 8:00 P.M. a fracas occurred in the ward, and the claimant, while attending to his duties, slipped on the floor, struck his head and his right hand on a wooden bench. There are no disputes as to the fact, nor is any jurisdictional question involved. Claimant was a married man with no dependents under the age of 16 years. His yearly earnings for the year preceding his injury were $1,838.00. The only question involved is the nature and extent of the injury to his hand.

Dr. Alfred C. Field testified that he saw the claimant on December 6, 1950, and took an X-Ray of the right forearm, wrist and hand. He stated that the right wrist flexion was limited about 15 degrees; extension was within normal limits. There was some crepitation present on forced manipulation. In the right hand an irregularity could be palpated in the distal end of the fifth metacarpal. There was also a fullness, which could be palpated on the palmer surface beneath the head of the fifth meta-

carpal. The fifth finger of the claimant was held in a flexed deformity, and there was a limitation of extension of about 45 degrees, and claimant was able, with difficulty, to bring it about one-quarter inch to the palm. The X-Rays disclosed the following: a fracture of the styloid process of the ulna, which is separate, well healed; a fracture in the distal end of the fifth metacarpal, which is fairly well healed; a deformity in the site of the fracture and the distal end is deviated, causing a fullness in the palmar surface of the hand. Another X-Ray, taken in a semi-oblique view, shows a deformity of the site of the fracture. This X-Ray also showed a fracture in the styloid process of the ulna, which is separated and not healed. It showed a fracture at the distal end of the fifth metacarpal, and also showed a deformity where the knob or head of the fifth metacarpal is rotated forward and deviated toward the palm of the hand. The doctor further testified that on the date of the hearing claimant still sustained some limitation of flexion in the wrist joint, and some limitation of flexion in the fifth finger. That there was also an arthritic condition in the joint of the right wrist. The doctor further testified that the condition, as he found it, was permanent; that the claimant had sustained a functional impairment amounting to 30 per cent of the right hand.

The departmental report disclosed an examination by Dr. Julius Grueneberg of the claimant on January 15, 1951, and a copy of an X-Ray report taken on January 19, 1951. The report of Dr. Julius Grueneberg showed the following: "a slight swelling of the dorsum (back) of the right hand in the region of the distal part of the fifth metacarpal bond (the base of the small finger). The little finger of the right hand cannot be extended or flexed completely, however, limitations of mo-

tion do not exceed 15 per cent in either direction."

Doctor Grueneberg concluded from his examination that the claimant, as a consequence of the injury, had a minor degree of limitation of motion in the fifth finger of the right hand, and that the injury did not incapacitate him or prevent him from performing his present duties as attendant.

There is apparently some conflict in the testimony as to the nature and extent of the disability.

From the evidence submitted, the Court concludes that the claimant is entitled to a 20 per cent partial loss of the use of the right hand.

On the basis of this record we make the following award:

For the permanent, partial specific loss of use of the right hand, claimant is entitled to an award of $765.00, all of which has accrued and is payable forthwith.

An award is also entered in favor of William J. Cleary and Co. for stenographic services in the amount of $46.90, which is payable forthwith. The Court finds this amount to be a fair, reasonable, and customary charge, and said claim is allowed.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."